UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOI L. WAN,

                Plaintiff,

-against-

LOUIS DEJOY, et al.,

                Defendants.

22-CV-2005 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Staten Island, New York, brings this *pro se* action, invoking numerous federal employment discrimination statutes, including Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112-12117; the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 to 2654; and 42 U.S.C. § 1981. Plaintiff's claims arise out of his employment at the United States Postal Service International Service Center at JFK airport in Queens County, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Claims under the FMLA and section 1981 do not include specific venue provisions, and the general venue provision in 28 U.S.C. § 1391 therefore applies. Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, 28 U.S.C. § 1391(c)(1), and a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(2).[1]

Title VII includes its own venue provision, set forth in 42 U.S.C. § 2000e-5(f)(3), and the ADA incorporates Title VII's venue provision, *see* 42 U.S.C. § 12117(a) (incorporating by reference Title VII's venue provision for claims brought under the ADA). Title VII's venue provision provides that claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff filed this complaint regarding events arising out of his employment in Queens County, New York, and it therefore appears that all of his claims arose in Queens County. Queens County is in the Eastern District of New York. 28 U.S.C. § 112(c). Venue for Plaintiff's claims under the FMLA and section 1981 is therefore not proper in this district under § 1391(b)(2) because all of his claims arose outside this district. Plaintiff does not identify where any defendant is domiciled, but he provides addresses for all defendants in Queens County, New

---

[1] Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

2

York. It is therefore unclear whether venue for Plaintiff's FMLA and section 1981 claims lies in this district under § 1391(b)(1).

Venue for an action under Title VII or the ADA is proper in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed." Plaintiff's employment in Queens County was in the State of New York and therefore venue for these claims is proper in any judicial district in New York, including this district. It therefore appears that venue is proper in the Eastern District of New York for all of Plaintiff's claims, and is proper in this district for at least some of his claims.[2]

Even when venue is proper in this district, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013); *see also Lead Indus. Ass'n. Inc. v. OSHA*., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

---

[2] The Court also notes that Plaintiff has already brought two employment discrimination actions in the Eastern District of New York in connection with his employment at the United States Postal Service. *See Wan v. United States Postal Service*, No. 17-CV-4988 (KAM) (LB) (E.D.N.Y. Oct. 5, 2017); *Wan v. United States Postal Service*, No. 17-CV-1560 (KAM) (LB) (E.D.N.Y. June 12, 2018).

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Queens County, where Plaintiff is employed and has previously litigated his employment discrimination claims against the same employer. Moreover, venue appears to be proper in Eastern District of New York for all of Plaintiff's claims. Plaintiff also resides outside this district, and his choice of this forum is therefore entitled to less deference. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this Court.

5

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 16, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge